STATE of North Dakota, Plaintiff
and Appellant,

v.

Roger L. BROWN, Defendant
and Appellee.

STATE of North Dakota, Plaintiff
and Appellant,

v.

Chad CLOSE, Defendant and Appellee.

Cr. Nos. 930185, 930186.

Supreme Court of North Dakota.

Dec. 2, 1993.

Cameron D. Sillers, State's Atty., Langdon, for plaintiff and appellant. Submitted on brief.

R. Scott Stewart (argued), Langdon, for defendants and appellees. Submitted on brief.

NEUMANN, Justice.

The State of North Dakota appealed from a county court order suppressing evidence and dismissing charges brought against Roger L. Brown for driving while under the influence of alcohol and against Chad Close for possession of alcohol by a person under 21 years of age. We hold that the arresting officer did not have a reasonable and articulable suspicion of criminal activity to justify an investigative stop of the vehicle driven by Brown, and we affirm the order dismissing the charges.

While on duty at about 1:00 a.m., on March 6, 1993, Highway Patrol Officer Dana King observed a Chevy Blazer traveling on Highway 1 about six miles south of Langdon. He estimated the Blazer was traveling about 40 miles per hour and he noticed what he thought was smoke "coming out from underneath the vehicle" and that the vehicle seemed to "stutter." King observed the vehicle pull about halfway onto the right shoulder as it continued down the roadway. King then activated the red light on his patrol car; almost simultaneously, the driver of the Blazer signaled a right turn and then turned off the highway and into the lot of the Concrete Pre–Mix Plant.

King explained why he decided to stop the vehicle:

> "I stopped the vehicle because he was traveling at a slower than usual speed. He drove on to [sic] the shoulder of the road

and the smoke coming up from underneath the vehicle and the slight pause or stutter in the way the vehicle was driving. Now to me the reason I stopped because of those is in my experience they would indicate either that the person was having mechanical problems or that the driver of the vehicle was under the influence of alcohol."

From observations made after the stop, King arrested the driver, Roger Brown, for driving while under the influence of alcohol, and passenger, Chad Close, for possession of alcohol by a person under 21 years of age.

Brown and Close filed a motion to suppress evidence on the ground that King's stop of their vehicle was illegal. The county court determined that the primary purpose of King's stop was to investigate possible criminal activity, i.e., driving while under the influence of alcohol. The court expressly found that King did not, as a primary concern or reason, stop the vehicle because of the smoke he observed or to assist with a possible malfunction. The court concluded that King did not have a reasonable articulable suspicion of criminal activity to justify the stop, and granted the motion to suppress.

■ Under Section 29–28–07(5), N.D.C.C., the State is authorized to bring an appeal from an order granting the suppression of evidence. The trial court's disposition on a motion to suppress will not be reversed if, after conflicts in the testimony are resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the trial court's determination. *State v. Sarhegyi*, 492 N.W.2d 284 (N.D.1992). We recognize the significance of the trial court's opportunity to assess the credibility of witnesses, and we accord great deference to its decision in suppression matters. *State v. Placek*, 386 N.W.2d 36 (N.D.1986).

■ The law governing investigative stops of automobiles is clear. An officer must have an articulable and reasonable suspicion that a motorist is violating the law in order to legally stop a vehicle. *State v. VandeHoven*, 388 N.W.2d 857 (N.D.1986). This standard requires less than probable cause but more than a mere hunch. *State v.*

*Sarhegyi, supra*, 492 N.W.2d at 286. King testified that watching the Blazer travel "at a slower than usual speed" and the "slight pause or stutter" indicated to him that the driver of the vehicle could be under the influence of alcohol. However, King also candidly testified that prior to his stopping the vehicle the driver had not violated any traffic regulations.

■ Brown testified that before he turned off the highway he observed a vehicle following behind him but that he did not know it was a patrol car or that its red lights were on. The trial court found that it was reasonable for Brown to pull partially onto the right shoulder of the road shortly before making the right turn, because the highway naturally curved at that location and because Brown was merely giving the car behind him room to continue by as Brown slowed his vehicle to make the turn. King's testimony that Brown had not violated any traffic laws is consistent with this finding. The mere fact that a driver is traveling at a slower than usual speed on a roadway does not by itself create a reasonable suspicion of driving under the influence of alcohol or of other illegal activity. *See Salter v. North Dakota Dept. of Transp.*, 505 N.W.2d 111 (N.D.1993). Under the circumstances here, we agree with the trial court that the State has failed to demonstrate that King had a reasonable and articulable suspicion to make an investigative stop of Brown's vehicle.

■ The State also argues that King's stop of the vehicle was justified as a community caretaking stop for purposes of assisting the occupants of a malfunctioning vehicle. Under appropriate circumstances a law enforcement officer may be fully justified in stopping a vehicle to provide assistance, without needing any reasonable basis to suspect criminal activity. *See State v. Langseth*, 492 N.W.2d 298, 300 (N.D.1992); *Cady v. Dombrowski*, 413 U.S. 433, 441, 93 S.Ct. 2523, 2528, 37 L.Ed.2d 706, 714–15 (1973); *see also People v. Murray*, 137 Ill.2d 382, 148 Ill.Dec. 7, 560 N.E.2d 309 (1990); *Crauthers v. State of Alaska*, 727 P.2d 9 (Alaska Ct.App.1986).

■ Although King testified that he observed some smoke coming from underneath

the Blazer, the trial court discounted that testimony and found that providing assistance was not a primary concern or reason for King's stopping the vehicle. King also candidly testified that prior to the stop he did not believe the vehicle was on fire. He did not testify that he believed there was any emergency or imminent need for his assistance. Under these circumstances, we conclude that King's stop was not justified on the ground that it was a community caretaking stop for the purpose of providing assistance.

The order of the county court suppressing evidence and dismissing the charges against Brown and Close is affirmed.

VANDE WALLE, C.J., and LEVINE, MESCHKE and SANDSTROM, JJ., concur.