STATE of North Dakota, Plaintiff and Appellee,

v.

Randy Joe LANGSETH, Defendant and Appellant.

Cr. No. 930364.

Supreme Court of North Dakota.

March 30, 1994.

Richard J. Riha, Asst. State's Atty., Bismarck, for plaintiff and appellee. Submitted on brief.

William D. Schmidt, Wheeler Wolf, Bismarck, for defendant and appellant. Submitted on brief.

MESCHKE, Justice.

Randy Joe Langseth appeals from a conviction for driving while his license was suspended. We affirm.

While patrolling on May 7, 1993, Deputy Sheriff Troy Karlberg noticed a van driven by Langseth. He recognized Langseth from a previous arrest for driving under suspension. *See State v. Langseth,* 492 N.W.2d 298 (N.D.1992). Karlberg had seen Langseth leaving a car in a parking lot the week before and, upon checking the next day, had learned that his license was still suspended. Deputy Karlberg followed Langseth until he stopped and left the vehicle. When Karlberg asked if he should be driving, Langseth admitted that his license was suspended. Langseth was placed in the patrol car and arrested after Karlberg confirmed by radio that Langseth's license was still suspended.

Langseth moved to suppress the evidence and dismiss the complaint because he was stopped illegally. The trial court denied his motion, and Langseth conditionally pleaded guilty under NDRCrimP 11(a)(2), reserving his right to appeal. On appeal, he argues that the arresting officer did not have a reasonable or articulable suspicion to "make contact with Mr. Langseth." We disagree.

"Not every police contact with a citizen is a seizure." *State v. Langseth,* 492 N.W.2d at 300. Our constitutional prohibitions against unreasonable seizures are tested only when an officer has restrained a citizen's liberty "by means of physical force or show of authority." *Id., citing Terry v. Ohio,* 392 U.S. 1, 19 n. 16, 88 S.Ct. 1868, 1879 n. 16, 20 L.Ed.2d 889 (1968). Because the State does not dispute it here, we assume that Langseth was "stopped" before he admitted his license was suspended.

■ An officer must have a reasonable and articulable suspicion to make an investigative stop. *State v. Brown,* 509 N.W.2d 69, 71 (N.D.1993). "This standard requires less than probable cause but more than a mere hunch." *Id.* As we recently wrote in *Salter v. North Dakota Dep't of Transp.,* 505 N.W.2d 111, 114 (N.D.1993), an investigative stop "must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity, and mere curiosity, suspicion, vague hunches, or other non-objective facts will not suffice."

■ In one case, we ruled that an officer had reason to stop a driver he recognized, before radio verification of the suspension, when the officer recalled that the person's name appeared on a recent list of suspended drivers. *State v. Geiger,* 430 N.W.2d 346, 348 (N.D.1988). Langseth argues that, unlike the officer in *Geiger,* Deputy Karlberg did not know "of the suspension prior to making contact." However, the fact a week had passed since Karlberg learned that Langseth's license was suspended did not diminish his objective reason for stopping Langseth. Karlberg's reason was more than a hunch; it was a reasonable suspicion.

■ A trial court's decision on a motion to suppress will be affirmed if, after conflicting evidence is resolved in favor of affirming, the decision is supported by sufficient competent evidence. *State v. Brown,* 509 N.W.2d at 71. There was sufficient evidence for the trial court to find that Deputy Karlberg reason-

ably believed Langseth's license was suspended before stopping him.

We affirm the conviction.

LEVINE and NEUMANN, JJ., and RALPH J. ERICKSTAD, Surrogate Judge, concur.

SANDSTROM, Acting C.J., concurs in result.

ERICKSTAD, RALPH J., Surrogate Judge, sitting in place of VANDE WALLE, GERALD W., C.J., disqualified.