Filed 1/22/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 20

State of North Dakota, Plaintiff and Appellee

v.

Shawn Alvah Montgomery, Defendant and Appellant

No. 20170192

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Cynthia Feland, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Derek K. Steiner, Assistant State’s Attorney, Bismarck, ND, for plaintiff and appellee.

Chad R. McCabe, Bismarck, ND, for defendant and appellant.

State v. Montgomery

No. 20170192

Crothers, Justice.

[¶1] Shawn Alvah Montgomery appeals from a criminal judgment entered after his conditional guilty plea to a charge of driving under the influence.  Montgomery argues the State violated his Fourth Amendment right to be free from an unreasonable search by compelling his consent to a blood test.  We affirm, concluding the district court did not err in denying Montgomery’s motion to suppress.

I

[¶2] On October 1, 2016, Sergeant Michael Stoltz stopped Montgomery’s vehicle for speeding.  Sergeant Stoltz noticed signs of inebriation, conducted field tests, read the statutory implied consent advisory,
(footnote: 1) and administered an onsite screening test.  Sergeant Stoltz placed Montgomery under arrest after the test indicated Montgomery was above the legal limit.  Sergeant Stoltz then read Montgomery his 
Miranda
 rights and the statutory implied consent advisory a second time.  Sergeant Stoltz did not read the criminal penalties portion of the advisory at first, but read it to Montgomery the second time.  Montgomery requested a blood test before Sergeant Stoltz reached the end of the advisory to ask for consent to a chemical test.  Montgomery later recalled feeling “intimidated,” and testified he would have taken a breath test instead of a blood test.

[¶3] On October 1, 2016, the State charged Montgomery with driving under the influence of alcohol in violation of N.D.C.C. § 39-08-01.  Montgomery filed a motion to suppress, and the district court held a suppression hearing on January 30, 2017.  At the suppression hearing the district court heard testimony from both Sergeant Stoltz and Montgomery as well as listened to the audio recording of the arrest.  The district court noted an extended dialogue between Sergeant Stoltz and Montgomery, leaving Montgomery ample opportunity to ask questions before he volunteered to take a blood test.  The district court denied the motion to suppress after finding Montgomery gave voluntary consent.  Montgomery signed a conditional guilty plea on April 19, 2017, which was filed on April 25, 2017.

II

[¶4] Our standard of review for a trial court’s ruling on a motion to suppress is well-established: 

“The trial court’s disposition of a motion to suppress will not be reversed if, after conflicts in the testimony are resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the trial court’s findings, and the decision is not contrary to the manifest weight of the evidence.  That standard of review recognizes the importance of the trial court’s opportunity to observe the witnesses and assess their credibility, and we ‘accord great deference to its decision in suppression matters.’”

State v. Bjornson
, 531 N.W.2d 315, 317 (N.D. 1995) (citations omitted) (quoting 
State v. Brown
, 509 N.W.2d 69, 71 (N.D. 1993)).  “Whether findings of fact meet a legal standard is a question of law.  While we do not conduct a de novo review of the findings of fact, questions of law are fully reviewable.”  
State v. Kitchen
, 1997 ND 241, ¶ 12, 572 N.W.2d 106 (citations omitted).  Thus, we review whether sufficient competent evidence supported the district court’s finding of voluntary consent, whether the district court correctly applied the law in its findings, and whether denial of Montgomery’s motion to suppress was contrary to the manifest weight of the evidence.  
See
 
Kitchen
, at ¶¶ 11–12;
 Bjornson,
 at 317.

[¶5] A blood test is a search for purposes of the Fourth Amendment.  
Birchfield v. North Dakota
, 136 S.Ct. 2160, 2178 (2016); 
State v. Boehm
, 2014 ND 154, ¶ 18, 849 N.W.2d 239.  A warrantless search is presumptively unreasonable, but an exception to the warrant requirement may render a warrantless search reasonable.  
State v. Torkelsen
, 2008 ND 141, ¶ 21, 752 N.W.2d 640.  Consent is one such exception, provided the consent is voluntary.  
Id.
  The State bears the burden of showing voluntariness.  
Id.
  “[M]otorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense.”  
Birchfield
, at 2186.

“The totality of the circumstances must be examined to determine voluntariness.  The inquiry focuses on two non-

determinative elements: (1) the characteristics and conditions of the accused at the time of the confession, including the age, sex, race, education level, physical or mental condition, and prior experience with police; and (2) the details of the setting in which the confession was obtained, including the duration and conditions of detention, police attitude toward the defendant, and the diverse pressures that sap the accused’s powers of resistance or self-control.”

State v. Syvertson
, 1999 ND 134, ¶ 20, 597 N.W.2d 652 (citations omitted).  “Because the district court is in a superior position to judge credibility and weight, we show great deference to the court’s determination of voluntariness.”  
State v. Torkelsen
, 2008 ND 141, ¶ 21, 752 N.W.2d 640 (quotation marks omitted) (quoting 
State v. Genre
, 2006 ND 77, ¶ 30, 712 N.W.2d 624).

[¶6] Montgomery argues the district court should have suppressed the blood test results because the State did not meet its burden of proving voluntary consent.  Montgomery equates his situation to 
Hawkins
, in which this Court upheld a motion to suppress blood test results.  
State v. Hawkins
, 2017 ND 172, ¶ 10, 898 N.W.2d 446 (affirming the district court’s finding of involuntary consent under the totality of the circumstances).  In 
Hawkins
, the defendant refused the onsite screening test after receiving an implied consent advisory, then asked to take a blood test before the officer could complete a second advisory.  
Id.
 at ¶ 2.  At a subsequent suppression hearing the district court heard testimony from the arresting officer and reviewed dash cam footage.  
Id.
 at ¶ 3.  The district court in 
Hawkins
 expressly weighed the effect of criminal penalties for refusal to submit to a chemical test in analyzing the totality of the circumstances and conclude Hawkins’ consent was not voluntary.  
Id.
 at ¶ 10.

[¶7] Here, the district court considered Montgomery’s circumstances and ruled against suppression. 
 See, e.g.
, 
State v. Schmidt
, 2016 ND 187, ¶¶ 27–32, 885 N.W.2d 65 (affirming district court’s denial of motion to suppress where consent to search was given despite defendant being handcuffed, stressed, and given neither 
Miranda
 warnings nor access to an attorney because detention was less than thirty minutes, police did not intimidate the defendant, and defendant’s demeanor was calm);
 State v. Lange
, 255 N.W.2d 59, 64 (N.D. 1977) (“Voluntariness is always a question to be determined from all circumstances, whether the subject is, or is not, in custody.”).  This Court shows great deference to the district court’s fact-driven determination of voluntariness.  
Torkelsen
, 2008 ND 141, ¶ 21, 752 N.W.2d 640.  Even though the facts here are similar to 
Hawkins
, the key difference is that the district court denied the motion to suppress because it found Montgomery’s consent was voluntary.  
See 
2017 ND 172, ¶ 10, 898 N.W.2d 446. We see no reason to break with our precedent.

[¶8] We note the district court’s findings on Montgomery’s voluntary consent neither specifically mention totality of the circumstances nor separately address the two non-determinative elements for voluntariness.  
See Syvertson
, 1999 ND 134, ¶ 20, 597 N.W.2d 652.  “Findings of fact are adequate if they provide this Court with an understanding of the district court’s factual basis used in reaching its determination. Lack of specificity alone does not make findings of fact erroneous.”  
State v. Bergstrom
, 2006 ND 45, ¶ 15, 710 N.W.2d 407 (citing 
VND, LLC v. Leevers Foods, Inc.
, 2003 ND 198, ¶ 27, 672 N.W.2d 445) (incorporating the rationale behind N.D.R.Civ.P. 52(a) for criminal matters decided from the bench). Thus, while the district court did not use the “magic words” in its opinion, we can understand its reasoning.

[¶9] The district court’s denial of Montgomery’s motion to suppress was based on sufficient competent evidence and was not contrary to the manifest weight of that evidence.  The district court correctly applied the law in its findings.  We therefore affirm the district court’s decision.

III

[¶10] Montgomery claims the officer should have advised him of the difference between penalties for refusal of breath versus blood chemical tests.  Montgomery asserts the implied consent advisory should include a 
Miranda
-like section on the right to refuse a blood test but not a breath test. We find this argument lacks merit. “There is no presumption of invalidity [of consent] that attaches by failing to advise of a right to refuse to cooperate.”  
Schmidt
, 2016 ND 187, ¶ 29, 885 N.W.2d 65; 
see United States v. Drayton
, 536 U.S. 194, 206 (2002) (rejecting “the suggestion that police officers must always inform citizens of their right to refuse when seeking permission to conduct a warrantless consent search”).  We decline to establish advisory rights before chemical tests beyond those required by statute.  
See
 N.D.C.C. § 39-20-01(3)(a).

IV

[¶11] The district court did not err finding Montgomery voluntarily consented to a blood test and did not err in denying Montgomery’s motion to suppress. We affirm the district court’s judgment.

[¶12] Daniel J. Crothers

Lisa Fair McEvers

Jon J. Jensen

Jerod E. Tufte

Gerald W. VandeWalle, C.J.

FOOTNOTES
1:    
The statutory implied consent advisory, N.D.C.C. § 38-20-01, was amended in 2017 after the U.S. Supreme Court ruled implied consent with criminal penalties for blood tests unconstitutional in 
Birchfield v. North Dakota
, 136 S.Ct. 2160, 2185–86 (2016).  2017 N.D. Sess. Laws ch. 268, § 4.