Filed 7/31/14 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2014 ND 159

State of North Dakota, Plaintiff and Appellee

v.

Jason Robert Brenny, Defendant and Appellant

No. 20140013

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

AFFIRMED.

Per Curiam.

Christine H. McAllister, Assistant State’s Attorney, 514 East Thayer Avenue, Bismarck, N.D. 58501, for plaintiff and appellee.

Chad R. McCabe, 402 East Main Avenue, Suite 100, Bismarck, N.D. 58501, for defendant and appellant.

State v. Brenny

No. 20140013

Per Curiam.

[¶1] Jason Brenny appealed from a criminal judgment entered upon a conditional guilty plea to driving under the influence of alcohol after the district court denied his motion to suppress the results of an Intoxilyzer test.  Brenny argues the results of the Intoxilyzer test were obtained as a result of a warrantless and unconstitutional search and seizure under the state and federal constitutions, because, as a matter of law, the criminal sanctions imposed by North Dakota’s implied consent law established his consent to the test was coerced and was not freely and voluntarily given.  We have recently rejected the argument that, as a matter of law, the criminal sanctions of the implied consent law establish consent to a blood-alcohol test was not freely and voluntarily given.  
State v. Smith
, 2014 ND 152, ¶¶ 1, 16-22, 
State v. Boehm
, 2014 ND 154, ¶¶ 17-22.  
See
 
McCoy v. North Dakota Dep’t of Transp.
, 2014 ND 119, ¶¶ 1, 21-24.  We conclude there was sufficient competent evidence to support the district court’s determination that Brenny’s consent to the Intoxilyzer test was freely and voluntarily given and the court’s decision is not contrary to the manifest weight of the evidence.  We affirm the judgment under N.D.R.App.P. 35.1(a)(7).

[¶2] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom

Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner