Filed 2/25/15 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2015 ND 45

State of North Dakota, Plaintiff and Appellee

v.

Christopher David Harns, Defendant and Appellant

No. 20140236

Appeal from the District Court of Dunn County, Southwest Judicial District, the Honorable William A. Herauf, Judge.

AFFIRMED.

Per Curiam.

Pat J. Merriman (on brief), State’s Attorney, P.O. Box 747, Killdeer, ND 58640-0747, for plaintiff and appellee.

Thomas F. Murtha IV (on brief), 135 Sims, Suite 217, P.O. Box 1111, Dickinson, ND 58602-1111, for defendant and appellant.

State v. Harns

No. 20140236

Per Curiam.

[¶1] Christopher David Harns appeals from a district court order denying his motion to suppress evidence after conditionally pleading guilty to driving under the influence and reserving his right to appeal the court’s order.  Harns argues the blood test was a warrantless search conducted in the absence of an exception to the warrant requirement because the advisement of the criminal sanctions imposed by the implied consent law established his consent was coerced, and the state’s implied consent and refusal laws violate the unconstitutional conditions doctrine.  We have previously determined that consent to a blood-alcohol test is not per se involuntary or coerced because an individual is advised of the implied consent law which criminalizes refusal.  
See
 
State v. Brenny
, 2014 ND 159, ¶ 1; 
State v. Smith
, 2014 ND 152, ¶ 21, 849 N.W.2d 599; 
State v. Boehm
, 2014 ND 154, ¶ 20, 849 N.W.2d 239.  Harns’ arguments that the implied consent and refusal laws violate the Fourth Amendment and N.D. Const. art. 1, § 8, and the unconstitutional conditions doctrine have recently been rejected.  
See
 
Beylund v. Levi
, 2015 ND 18; 
State v. Birchfield
, 2015 ND 6.  We conclude there was sufficient competent evidence to support the district court’s determination that Harns’ consent to the test was freely and voluntarily given, and the court’s decision was not contrary to the manifest weight of the evidence.  We summarily affirm under N.D.R.App.P. 35.1(a)(7).

[¶2] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Dale V. Sandstrom

Daniel J. Crothers

Lisa Fair McEvers