2016 ND 184

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Christopher David HARNS, Defendant and Appellant.**

No. 20140236.

Supreme Court of North Dakota.

Sept. 15, 2016.

Pat J. Merriman, State's Attorney, Killdeer, N.D., for plaintiff and appellee.

Thomas F. Murtha IV, Dickinson, N.D., for defendant and appellant.

PER CURIAM.

[¶ 1]   Christopher David Harns was arrested for driving under the influence and consented to a warrantless chemical blood test.   The district court denied Harns' motion to suppress the results of the blood test, and he conditionally pled guilty to driving under the influence, reserving his right to appeal the order denying his motion to suppress.

[¶ 2]   In *State v. Harns*, 2015 ND 45, 861 N.W.2d 173, we summarily affirmed Harns' conviction, concluding our implied consent and refusal laws did not violate the Fourth Amendment and N.D. Const. art. I, § 8, under *State v. Birchfield*, 2015 ND 6, 858 N.W.2d 302.

[¶ 3]   In *Birchfield v. North Dakota*, —— U.S. ——, 136 S.Ct. 2160, 2184–85, 195 L.Ed.2d 560 (2016), the United States Supreme Court held the Fourth Amendment permits warrantless breath tests incident to a lawful arrest for drunk driving, but does not permit warrantless blood tests incident to a lawful arrest for drunk driving.   The United States Supreme Court concluded that in Birchfield's prosecution for refusing a warrantless blood test incident to his arrest, the refused blood test was not justified as a search incident to his arrest and reversed his conviction because he was threatened with an unlawful search.   *Id.* at 2186.   In a companion case involving consent to a warrantless blood test in an administrative license suspension proceeding, the United States Supreme Court remanded to this Court for further proceedings to determine the voluntariness of the consent under the totality of the circumstances given the partial inaccuracy of a law enforcement officer's advisory of the driver's obligation to undergo chemical testing.   *Id.*

[¶ 4]   The United States Supreme Court granted Harns' petition for writ of certiorari and remanded to this Court for consideration in light of *Birchfield v. North Dakota.*   We vacate our opinion affirming Harns' conviction to the extent it is inconsistent with *Birchfield v. North Dakota.*   We remand to the district court to allow Harns to withdraw his guilty plea and for further proceedings under *Birchfield v. North Dakota.*

[¶ 5]   GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, DALE V. SANDSTROM, DANIEL J. CROTHERS, and LISA FAIR McEVERS, JJ., concur.