2014 ND 154

**STATE of North Dakota, Plaintiff and Appellant**

v.

**Kyle William BOEHM, Defendant and Appellee.**

No. 20140045.

Supreme Court of North Dakota.

July 17, 2014.

242

Justin M. Balzer, Morton County Assistant State's Attorney, Mandan, ND, for plaintiff and appellant.

Thomas M. Tuntland, Mandan, ND, for defendant and appellee.

McEVERS, Justice.

[¶ 1] The State appeals from the district court's order granting Kyle Boehm's motion to suppress blood test results. We reverse and remand for further proceedings.

I

[¶ 2] On September 1, 2013, at approximately 12:39 a.m., a Morton county deputy was traveling east when he observed a vehicle traveling west on the same road accelerate past him at a high rate of speed. The deputy's radar detected the vehicle was traveling at 44 m.p.h. in a 25 m.p.h. zone. The deputy initiated a traffic stop. The deputy observed the driver, identified as Boehm, had red, bloodshot, watery eyes. The deputy detected an odor of alcohol coming from the vehicle. Boehm admitted consuming four beers. The deputy conducted field sobriety tests on Boehm. Boehm passed the alphabet test and counting backwards test but failed the horizontal gaze nystagmus ("HGN") test. The deputy advised Boehm of the North Dakota implied consent law, asked if Boehm would submit to a preliminary breath test, and Boehm agreed to submit. The result of Boehm's preliminary breath test was .114 percent. At approximately 12:48 a.m., the deputy arrested Boehm for driving under the influence ("DUI"). The deputy again advised Boehm of the North Dakota implied consent law, asked if

Boehm would submit to a blood test at the Morton county jail, and Boehm agreed to submit. At approximately 1:05 a.m., Boehm's blood was drawn at the Morton county jail by a registered nurse.

[¶ 3] On October 16, 2013, Boehm moved to suppress the results of the blood test and submitted a brief in support. Boehm argued the blood test "was a search conducted without a search warrant and without voluntary and freely given consent," and the blood test "was drawn in an unreasonable manner" in violation of state and federal constitutional protections. Boehm also argued North Dakota's implied consent law violated *Missouri v. McNeely*, — U.S. —, 133 S.Ct. 1552, 185 L.Ed.2d 696 (2013), and state and federal constitutional protections. On October 28, 2013, the State filed a brief opposing Boehm's motion to suppress. On November 11, 2013, Boehm filed a reply brief. The parties agreed the facts from the deputy's incident report were accurate and no evidentiary hearing was held. On December 30, 2013, the district court granted Boehm's motion to suppress on grounds not argued by the parties, concluding the deputy did not have probable cause to request Boehm submit to an implied consent preliminary breath test. The district court found the deputy smelled an odor of alcohol coming from the vehicle; observed Boehm's red, bloodshot, watery eyes; Boehm admitted consuming four beers; and Boehm's failed HGN test, but concluded the evidence did not provide the deputy with probable cause. The district court noted the deputy did not observe erratic driving, and Boehm passed the counting backwards test and the recitation of the alphabet test. The district court explained:

> From the Court[']s perspective it appears the officer relied basically on the HGN test to determine [Boehm] was impaired. This Court is not comfortable using the HGN test as a sole vehicle for determining probable cause and quite frankly would not allow the HGN into evidence at trial were there not other supporting tests available at trial.

The district court did not address the voluntariness of Boehm's consent to the blood test or the reasonableness of the blood test. The State appeals.

[¶ 4] On appeal, the State argues: (1) its appeal should be considered because the State has demonstrated the evidence suppressed is substantial proof of a fact material to the case; (2) the district court erred in finding the deputy did not have probable cause to arrest Boehm for DUI; and (3) the blood test did not violate Boehm's rights and the blood test was completed in a proper environment.

[¶ 5] On appeal, Boehm argues the suppression is required because the blood draw was unreasonable under state and federal constitutional protections. Boehm claims there was no voluntary consent, implied consent is not a valid exception to the warrant requirement, and the blood test being conducted in a non-medical environment is unreasonable.

II

[¶ 6] Section 29–28–07, N.D.C.C., strictly limits the prosecution's right to appeal in a criminal case. *State v. Emil*, 2010 ND 117, ¶ 5, 784 N.W.2d 137. The State may appeal from an order suppressing evidence if the appeal is "accompanied by a statement of the prosecuting attorney asserting that the appeal is not taken for purpose of delay and that the evidence is substantial proof of a fact material in the proceeding." N.D.C.C. § 29–28–07(5). The prosecution must support its appeal "with an explanation of the relevance of the suppressed evidence," and the prosecuting attorney's "statement should not

merely paraphrase the requirements of N.D.C.C. § 29–28–07(5)." *Emil*, at ¶ 6. If the prosecution fails to provide an explanation and merely paraphrases the language of N.D.C.C. § 29–28–07(5), "this Court may still consider the State's appeal where a review of the facts clearly demonstrates the relevance of the evidence suppressed." *Emil*, at ¶ 6.

[¶ 7] On January 9, 2014, the State filed its notice of appeal with a statement of the prosecuting attorney, under N.D.C.C. § 29–28–07(5). The prosecuting attorney asserted in the statement that to prove Boehm was driving under the influence, in violation of N.D.C.C. § 39–08–01, the blood test result is "critical evidence," and it is impossible to proceed without that evidence. The prosecuting attorney's statements are more than simply paraphrasing the requirements of N.D.C.C. § 29–28–07(5) and provided adequate explanation of the relevance of the suppressed evidence. In addition, the record clearly demonstrates the relevance of the suppressed evidence.

### III

▮▮▮ [¶ 8] The applicable standard of review of a district court's decision to grant or deny a motion to suppress evidence is well established.

A trial court's findings of fact in preliminary proceedings of a criminal case will not be reversed if, after the conflicts in the testimony are resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the trial court's findings, and the decision is not contrary to the manifest weight of the evidence. We do not conduct a de novo review. We evaluate the evidence presented to see, based on the standard of review, if it supports the findings of fact.

*State v. Whitman*, 2013 ND 183, ¶ 20, 838 N.W.2d 401. "Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law." *State v. Graf*, 2006 ND 196, ¶ 7, 721 N.W.2d 381. "The existence of probable cause to arrest is a question of law." *Moran v. N.D. Dept. of Transp.*, 543 N.W.2d 767, 769 (N.D.1996). "The existence of consent is a question of fact to be determined from the totality of the circumstances." *State v. Mitzel*, 2004 ND 157, ¶ 13, 685 N.W.2d 120. To determine whether a blood sample was extracted in a reasonable manner is a question of fact. *Schmerber v. California*, 384 U.S. 757, 771–72, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).

▮▮▮ [¶ 9] This Court merely reviews findings of fact; it does not make its own findings of fact. *Whitman*, 2013 ND 183, ¶ 20, 838 N.W.2d 401; *see also Nichols & Shepard Co. v. Stangler*, 7 N.D. 102, 102, 72 N.W. 1089, 1089 (1897) (explaining this Court cannot examine and review issues of fact from district courts when no findings of fact were made). District courts are in a superior position to assess credibility of witnesses and weigh evidence. *State v. DeCoteau*, 1999 ND 77, ¶ 6, 592 N.W.2d 579. "A district court's findings of fact on a motion to suppress will not be reversed if there is sufficient competent evidence fairly capable of supporting the court's findings, and the decision is not contrary to the manifest weight of the evidence." *Id.* Even though this Court defers to the district court's findings of fact, questions of law are fully reviewable. *Id.*

### IV

▮▮▮ [¶ 10] The district court's analysis is flawed from the outset, as the district court appears to be applying a probable cause standard to a preliminary

breath test. It is not necessary for a law enforcement officer to have probable cause sufficient for arrest to request a preliminary breath test. Under North Dakota's implied consent law, N.D.C.C. § 39–20–14(1), a law enforcement officer may request an onsite screening test of the individual's breath for the purpose of estimating the alcohol concentration if there is reason to believe: (1) a traffic violation has occurred, and (2) in conjunction with the violation, the officer, based on observation, formulates an opinion the driver's body contains alcohol. The traffic stop for speeding and Boehm's admission to consuming alcohol clearly meets the requirements of N.D.C.C. § 39–20–14(1). The district court also concluded the officer lacked probable cause Boehm was driving under the influence, presumably to mean there was no adequate probable cause for arrest.

[¶ 11] When determining whether an officer had probable cause to arrest, this Court reviews the facts and circumstances known by the officer and applies a totality-of-the-circumstances standard. *State v. Berger,* 2004 ND 151, ¶ 11, 683 N.W.2d 897. "Probable cause to arrest ... exists when the facts and circumstances within a police officer's knowledge and of which he had reasonable trustworthy information are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed." *Moran,* 543 N.W.2d at 770. Probable cause to arrest does not require an officer to "possess knowledge or facts sufficient to establish guilt." *Id.* "[A]ll that is necessary is knowledge that would furnish a prudent person with reasonable grounds for believing a violation has occurred." *Berger,* at ¶ 11.

[¶ 12] In *Moran,* this Court explained the two-part test an officer must meet in order to have probable cause to arrest a person for driving under the influence.

In order to arrest a driver for driving under the influence, the law enforcement officer first must observe some signs of impairment, physical or mental. Further, the law enforcement officer must have reason to believe the driver's impairment is caused by alcohol. Both elements—impairment and indication of alcohol consumption—are necessary to establish probable cause to arrest for driving under the influence.

*Moran,* 543 N.W.2d at 770; *see also City of Devils Lake v. Grove,* 2008 ND 155, ¶ 11, 755 N.W.2d 485.

[¶ 13] Relevant factors in determining probable cause to arrest a person for DUI include the detection of the odor of alcohol, observation of signs of impairment, the person's own words, and failure of one or more field sobriety tests. *See Grove,* 2008 ND 155, ¶ 11, 755 N.W.2d 485; *Kahl v. Dir., N.D. Dep't of Transp.,* 1997 ND 147, ¶ 17, 567 N.W.2d 197.

[¶ 14] In *Kahl,* probable cause existed when the law enforcement officer "detected an odor of alcohol coming from Kahl, Kahl admitted drinking five or six beers, and Kahl failed to complete the 'one-leg-stand test,' stating he 'didn't think anybody could do the test in his condition.'" *Id.* at ¶ 15. Similarly, here, the deputy detected an odor of alcohol, Boehm admitted drinking four beers, and Boehm failed the HGN test.

[¶ 15] In *Brewer v. Ziegler,* 2007 ND 207, ¶ 21, 743 N.W.2d 391, probable cause existed when the law enforcement officer observed Brewer had red and bloodshot eyes, Brewer admitted to consuming an alcoholic beverage, and Brewer failed the HGN test. The officer in *Brewer* was conducting a caretaking operation while the deputy in this case had reason to be-

lieve a moving traffic violation had occurred. However, similarly, the deputy observed Boehm had red and bloodshot eyes, Boehm admitted drinking alcoholic beverages, and Boehm failed the HGN test.

[¶ 16] The district court explained "[f]rom the Court[']s perspective it appears the officer relied basically on the HGN test to determine [Boehm] was impaired. This Court is not comfortable using the HGN test as a sole vehicle for determining probable cause and quite frankly would not allow the HGN into evidence at trial were there not other supporting tests available at trial." The district court fails to consider the deputy relied on Boehm's failure of the HGN test in conjunction with (1) the odor of alcohol emanating from the vehicle, (2) Boehm's red, bloodshot, watery eyes, and (3) Boehm's admission of consuming four beers. Even without considering the results of the preliminary breath test, for which the voluntariness of the consent is at issue, under the totality of the circumstances, the evidence in the record demonstrates the deputy had probable cause to arrest Boehm.

## V

[¶ 17] In his motion to suppress evidence and brief in support, Boehm argued his consent to the blood test was coerced and involuntary. The district court did not decide the issue. The voluntariness of Boehm's consent is an issue of fact to be determined based on the totality of the circumstances. The record is limited to the incident report because there was no evidentiary hearing and the district court made no findings regarding the voluntariness of Boehm's consent.

[¶ 18] The U.S. Const. amend. IV and N.D. Const. art. I, § 8 prohibit unreasonable searches and sei-

zures. State v. Smith, 2014 ND 152, ¶ 7; McCoy v. N.D. Dep't of Transp., 2014 ND 119, ¶ 10. It is well-settled that administration of a blood test to determine alcohol consumption is a search. State v. Salter, 2008 ND 230, ¶ 6, 758 N.W.2d 702.

> "Warrantless searches are unreasonable unless they fall within one of the recognized exceptions to the warrant requirement. Consent is one exception to the warrant requirement. To be effective, consent must be voluntarily given under the totality of the circumstances and must not be coerced by explicit or implicit means or by implied threat or covert force."

Smith, at ¶ 7 (quoting McCoy, at ¶ 10). The State bears the burden to show that a warrantless search falls within an exception to the warrant requirement. Mitzel, 2004 ND 157, ¶ 12, 685 N.W.2d 120.

[¶ 19] When a person voluntarily consents to chemical testing, the implied consent law does not apply. Smith, 2014 ND 152, ¶ 12. Therefore, after a driver consents to chemical testing, the question becomes whether the driver's consent was "voluntary." Id. "The existence of consent is a question of fact to be determined from the totality of the circumstances." Mitzel, 2004 ND 157, ¶ 13, 685 N.W.2d 120. When consent is the product of a free and unconstrained choice and not the product of duress or coercion, it is voluntary. Smith, at ¶ 12.

> To determine voluntariness, we focus on two elements: (1) the characteristics and condition of the accused at the time of the consent, and (2) the details of the setting in which the consent was obtained, with no one factor being determinative. We will show great deference on appeal to the trial court's determination of voluntariness by refusing to reverse its decision unless it is contrary to the manifest weight of the evidence.

*Id.* (citations omitted) (quotation marks omitted). "A person does not consent by merely acquiescing to a claim of legal authority." *Id.*

[¶ 20] "Under North Dakota's implied consent law, 'implied consent occurs at the time an individual operates a motor vehicle.'" *Id.* at ¶ 17 (quoting *McCoy,* 2014 ND 119, ¶ 23). When stopped and advised of the implied consent law, the driver has the choice of either withdrawing or ratifying the consent. *Id.* Consent is not per se involuntary or coerced merely because a law enforcement officer advises the person of the implied consent law, which criminalizes refusal. *See id.* After Boehm's arrest, the deputy advised him of the implied consent law, which criminalizes refusal to take the chemical test, and he consented to take the chemical test. As a matter of law, the consent was not per se involuntary or coerced because the deputy advised Boehm of the implied consent law, which criminalizes refusal.

[¶ 21] In this case, as in *Smith* and *McCoy,* the deputy's incident report indicates he asked for and received actual consent from Boehm after advising Boehm of the implied consent law. *See Smith,* 2014 ND 152; *McCoy,* 2014 ND 119. Thus, the proper analysis is whether the State met its burden of establishing Boehm voluntarily consented to the blood test based on the totality of the circumstances surrounding Boehm's actual consent. *See Smith,* at ¶ 17.

[¶ 22] This Court merely reviews findings of fact; it does not make its own findings of fact. *Whitman,* 2013 ND 183, ¶ 20, 838 N.W.2d 401; *see also Nichols & Shepard Co.,* 7 N.D. at 104–05, 72 N.W. at 1089 (explaining this Court cannot examine and review issues of fact from district courts when no findings of fact were made). Therefore, we remand for the dis-

trict court to make findings of fact regarding and a determination as to the voluntariness of Boehm's consent based on the totality of the circumstances.

## VI

[¶ 23] In his motion to suppress evidence and brief in support, Boehm argued the blood test was unreasonable. On appeal, the State argues the blood test was reasonable. The district court did not decide the issue. The reasonableness of Boehm's blood test is an issue of fact. *See Schmerber,* 384 U.S. at 771–72, 86 S.Ct. 1826. The record is limited to the incident report because there was no evidentiary hearing and the district court made no findings regarding the blood test.

[¶ 24] The extraction of a blood sample from an individual suspected of DUI is proper if it is performed in a reasonable manner. *Wetsch v. N.D. Dep't of Transp.,* 2004 ND 93, ¶ 14, 679 N.W.2d 282. To determine whether a blood sample was extracted in a reasonable manner is a question of fact. *Schmerber,* 384 U.S. at 771–72, 86 S.Ct. 1826. This Court did not interpret *Schmerber,* as "establish[ing] a requirement that blood be drawn in a hospital in order to be reasonable." *Wetsch,* at ¶ 17. This Court held that "[w]hen a medically qualified person is available and the record shows no other evidence of a justifiable reason to refuse a blood test, the demand to be taken to a hospital as a condition for the draw constitutes a refusal under N.D.C.C. ch. 39–20." *Id.* A blood test is not per se unreasonable because it was done at the jail, rather than a hospital, when conducted by a medically qualified person. *See id.* Here, the deputy's incident report indicated the blood was drawn at the Morton county jail by a registered nurse. As a matter of law, the blood test was not per se unreasonable

because it was conducted in a place, other than a hospital, by a registered nurse.

[¶ 25] This Court merely reviews findings of fact; it does not make its own findings of fact. *Whitman*, 2013 ND 183, ¶ 20, 838 N.W.2d 401; *see also Nichols & Shepard Co.*, 7 N.D. at 104–05, 72 N.W. at 1089 (explaining this Court cannot examine and review issues of fact from district courts when no findings of fact were made). Therefore, we remand for the district court to make findings of fact regarding and make a determination as to the reasonableness of Boehm's blood test.

### VII

[¶ 26] The district court's order granting Boehm's motion to suppress is reversed and remanded for further proceedings. The deputy met the statutory elements to request the preliminary breath test. The deputy had probable cause to arrest Boehm for DUI because the deputy observed some signs of physical or mental impairment and had reason to believe Boehm's impairment was caused by alcohol. The district court failed to make factual determinations on the other issues Boehm raised in his motion to suppress evidence. Therefore, this case is remanded for a determination of the voluntariness of Boehm's consent and the reasonableness of the blood test.

[¶ 27] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.

CROTHERS, Justice, concurring specially.

[¶ 28] I agree with the majority decision except Parts V and VI regarding Boehm's arguments that his consent to chemical testing was coerced and involuntary and that the blood test was not reasonably administered. Both claims were made in the district court but not decided.

Majority opinion at ¶¶ 16 and 22. We are remanding for the district court to adjudicate those claims. *Id.* at ¶¶ 21 and 24. Therefore, this Court's substantive discussion of those claims is dicta and is improperly advisory. *See State v. Morin*, 2012 ND 75, ¶ 16, 815 N.W.2d 229 (Crothers, J., concurring specially); *Sandberg v. American Family Ins. Co.*, 2006 ND 198, ¶¶ 19–21, 722 N.W.2d 359 (Crothers, J., concurring specially).

[¶ 29] DANIEL J. CROTHERS

SANDSTROM, Justice, concurring specially.

[¶ 30] I understand this opinion to be consistent with the Court's opinion in *State v. Smith*, 2014 ND 152. "While the voluntariness of consent is decided from the totality of the circumstances, submitting to a blood alcohol test is not rendered involuntary merely by an officer fairly giving the implied consent advisory including the criminal penalty for refusing to take the test." *Id.* at ¶ 24 (Sandstrom, J., concurring specially).

[¶ 31] DALE V. SANDSTROM