2017 ND 172

**STATE of North Dakota, Plaintiff and Appellant**

v.

**John William HAWKINS, Defendant**

No. 20160354

Supreme Court of North Dakota.

Filed 7/12/2017

Charles B. Neff, Assistant State's Attorney, McKenzie County State's Attorney, Watford City, ND 58854, for plaintiff and appellant.

John W. Hawkins, defendant; no appearance.

Kapsner, Justice.

[¶ 1] The State appeals from a district court order granting John Hawkins' motion to suppress evidence. We conclude sufficient competent evidence supports the district court order suppressing blood test results, and its decision is not contrary to the manifest weight of the evidence. We affirm the district court order suppressing the results of Hawkins' blood test.

I

[¶ 2] On January 30, 2016, an officer initiated a traffic stop on Hawkins after observing the vehicle driving erratically. The officer suspected Hawkins was driving under the influence and performed some field sobriety tests. After conducting field sobriety tests, the officer believed Hawkins to be under the influence of alcohol. The officer read Hawkins an implied consent advisory and asked him to submit to an on-site screening test. Hawkins refused the on-site screening test. After Hawkins refused, he was placed under arrest, handcuffed, and placed in the back of the patrol car. The officer secured Hawkins' vehicle. While the officer was gone, Hawkins said to himself that he would take a blood test. The officer returned to the patrol car and read Hawkins his *Miranda* rights. The officer then read an implied consent advisory a second time, but before the officer could complete the advisory, Hawkins said he would take a blood test. The officer told Hawkins he still needed to read him the advisory, read the implied consent advisory again, and asked if he would consent to a chemical test. The officer testified Hawkins said, "yes." The officer drove Hawkins to a local hospital where his blood was

drawn for testing. Following the test, Hawkins was charged with driving under the influence of alcohol or drugs in violation of N.D.C.C. § 39–08–01.

[¶ 3] Hawkins moved to suppress the results of the blood test. Hawkins argued the test was conducted in violation of N.D.C.C. § 39–20–01(2) because the officer never told Hawkins he was being, or would be, charged with DUI before conducting the test as required by the statute. The State responded and opposed the motion. The district court held a hearing on May 11, 2016. The arresting officer testified, and Hawkins submitted a copy of the police officer's dash cam video into evidence. At the end of the hearing, the district court and the parties noted the *Birchfield v. North Dakota* decision, (later issued as —— U.S. ——, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016)), was likely to be issued by the United States Supreme Court sometime soon, and the district court took the matter under advisement.

[¶ 4] On July 1, 2016, Hawkins filed an additional motion to suppress in light of the *Birchfield* decision, and the district court held a hearing on August 31, 2016. At the hearing, the arresting officer testified again, and the State submitted into evidence a copy of the in-car video from the night of the arrest. Hawkins argued the blood test was taken in violation of his Fourth Amendment rights. At the hearing, the State argued consent was voluntary because the video showed Hawkins twice stated he would take a blood test while alone in the back of the patrol car. The State argued Hawkins was "basically begging for the blood test," and that under the totality of the circumstances, Hawkins' consent was voluntary. The district court entered an order suppressing the results of the blood test. In its order, the district court noted Hawkins' second motion, "implie[d] that any consent given in this case

was not voluntary." The district court found Hawkins' consent was not voluntary under the totality of the circumstances. The State appealed.

## II

[¶ 5] "Section 29–28–07, N.D.C.C., strictly limits the prosecution's right to appeal in a criminal case." *State v. Boehm*, 2014 ND 154, ¶ 6, 849 N.W.2d 239. "The State may appeal from an order suppressing evidence if the appeal is 'accompanied by a statement of the prosecuting attorney asserting that the appeal is not taken for purpose of delay and that the evidence is substantial proof of a fact material in the proceeding.'" *Id.* (quoting N.D.C.C. § 29–28–07(5)). The record reflects the State filed a notice of appeal and a statement of the prosecuting attorney on October 20, 2016. The statement of the prosecuting attorney asserts the appeal was not taken for purposes of delay, and the evidence suppressed was "crucial evidence in the Driving Under the Influence case against the Defendant." The State complied with the requirements of N.D.C.C. § 29–28–07(5), and "a review of the facts clearly demonstrates the relevance of the evidence suppressed." *Boehm*, at ¶ 6 (quoting *State v. Emil*, 2010 ND 117, ¶ 6, 784 N.W.2d 137). Thus, the State can appeal.

## III

[¶ 6] On appeal, the State argues the district court erred by finding Hawkins' consent was involuntary. The State asks this Court to reverse the district court's suppression order and remand for further proceedings. The standard of review for a district court's determination of a motion to suppress evidence is well established:

> In reviewing a district court's decision on a motion to suppress evidence, we defer to the district court's findings of

fact and resolve conflicts in testimony in favor of affirmance. We will affirm a district court's decision on a motion to suppress if there is sufficient competent evidence fairly capable of supporting the trial court's findings, and the decision is not contrary to the manifest weight of the evidence. Our standard of review recognizes the importance of the district court's opportunity to observe the witnesses and assess their credibility. Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law. *State v. Odom*, 2006 ND 209, ¶ 8, 722 N.W.2d 370 (quoting *State v. Graf*, 2006 ND 196, ¶ 7, 721 N.W.2d 381).

[¶ 7] The district court suppressed the results of a blood test in this case. "It is well-settled that administration of a blood test to determine alcohol consumption is a search." *Boehm*, 2014 ND 154, ¶ 18, 849 N.W.2d 239. Generally, warrantless searches are unreasonable unless they fall within a recognized exception to the warrant requirement. *State v. Torkelsen*, 2008 ND 141, ¶ 21, 752 N.W.2d 640. Consent is a recognized exception to the warrant requirement, but consent must be voluntary and the State has the burden of proof. *State v. Schmidt*, 2016 ND 187, ¶ 23, 885 N.W.2d 65. "A district court must determine whether the consent was voluntary under the totality of the circumstances." *Id.* (internal quotations and citations omitted). "Whether an officer has consent is a question of fact." *State v. Albaugh*, 2007 ND 86, ¶ 21, 732 N.W.2d 712. A district court's "findings of fact in preliminary proceedings of a criminal case will not be reversed if, after the conflicts in the testimony are resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the trial court's findings, and the decision is not contrary to the manifest weight of the

evidence." *Schmidt*, at ¶ 23 (quoting *State v. Mitzel*, 2004 ND 157, ¶ 10, 685 N.W.2d 120).

[¶ 8] "Consent is voluntary when it is the product of a free and unconstrained choice and not the product of duress or coercion...." *Schmidt*, 2016 ND 187, ¶ 24, 885 N.W.2d 65 (quoting *Torkelsen*, 2008 ND 141, ¶ 21, 752 N.W.2d 640). The considerations for determining whether consent is voluntary include:

> (1) the characteristics and condition of the accused at the time of the consent, including age, sex, race, education level, physical or mental condition, and prior experience with police; and (2) the details of the setting in which the consent was obtained, including the duration and conditions of detention, police attitude toward the defendant, and the diverse pressures that sap the accused's powers of resistence or self control.

*Id.* (quoting *Torkelsen*, 2008 ND 141, ¶ 21, 752 N.W.2d 640). "Because the district court is in a superior position to judge credibility and weight, we show great deference to the court's determination of voluntariness." *Id.*

[¶ 9] The State argues the district court suppressed the blood test results, in part, based upon a partially inaccurate implied consent advisory. However, the district court expressly stated, "The Court declines to address any violation of the requirements of [N.D.C.C. § ] 39–20–01(3), as the Court's decision on the voluntariness of the consent disposes of the suppression issue." Section 39–20–01(3), N.D.C.C., contains North Dakota's implied consent advisory. We also decline to examine any potential inaccuracies in the officer's delivery of the implied consent advisory in this case.

[¶ 10] The district court's decision to suppress the results of the blood test

was based upon a finding Hawkins did not voluntarily consent to the blood test. The district court observed the arresting officer's testimony and evaluated its credibility, twice. The court also had the opportunity to review two separate police videos from the arrest. Review of the videos provided the court with an opportunity to observe Hawkins' demeanor and the attendant circumstances as they occurred on the night of Hawkins' arrest. The district court found Hawkins did not voluntarily consent to the blood test under the circumstances presented. The court found Hawkins' immediate arrest after refusing to take an on-site breath test contributed to coercive circumstances. The district court noted the fact an individual is in custody does not mean consent cannot be voluntarily given, citing *State v. Lange*, 255 N.W.2d 59, 64 (N.D. 1977). The district court ultimately found "the setting of this circumstance, specifically that consent was refused, and then given only after the defendant is handcuffed and put in the back of a squad car after being told that refusal to submit is a crime does not lend itself to the voluntariness of consent." The district court concluded, "because there was no warrant for the collection of the blood, and because the consent was not voluntary under the totality of the circumstances, the results of the blood test must be suppressed." The district court considered the totality of the circumstances in reaching its factual determination that Hawkins' consent was not voluntary. "Because the district court is in a superior position to judge credibility and weight, we show great deference to the court's determination of voluntariness." *Schmidt*, 2016 ND 187, ¶ 24, 885 N.W.2d 65. We conclude there is sufficient competent evidence fairly capable of supporting the district court's findings of fact, and the findings of fact are not contrary to the manifest weight of the evidence.

## IV

[¶ 11] We affirm the district court order suppressing the results of Hawkins' blood test.

[¶ 12] Carol Ronning Kapsner

Daniel J. Crothers

Jerod E. Tufte

McEvers, Justice, dissenting.

[¶ 13] I respectfully dissent. Despite the deference we grant to the district court's findings, I believe the district court's findings are contrary to the manifest weight of the evidence. To agree with the district court here would mean that every person who initially refused an on-site screening test and was placed under arrest could not later voluntarily agree to take a blood test. Other than the arrest itself, and placing Mr. Hawkins into the squad car, there is no evidence in the record of coercion by law enforcement. The only testimony provided by the deputy was there was no intent to coerce Mr. Hawkins. The district court speculates, "[i]n fact, it is reasonable to the court that the very reason Mr. Hawkins changed his mind about testing was because his previous refusal resulted in immediate arrest." However, we have no idea why Mr. Hawkins changed his mind, because he did not testify.

[¶ 14] In *State v. Schmidt*, this Court reiterated the considerations for determining whether consent is voluntary, stating:

Consent is voluntary when it is the product of a free and unconstrained choice and not the product of duress or coercion, and to decide whether consent is voluntary we consider:

"(1) the characteristics and condition of the accused at the time of the consent, including age, sex, race, education level, physical or mental condi-

tion, and prior experience with police; and (2) the details of the setting in which the consent was obtained, including the duration and conditions of detention, police attitude toward the defendant, and the diverse pressures that sap the accused's powers of resistance or self control."

2016 ND 187, ¶ 24, 885 N.W.2d 65 (quoting *State v. Torkelsen*, 2008 ND 141, ¶ 21, 752 N.W.2d 640).

[¶ 15] Although the district court cited to *Schmidt*, in discussing how to analyze voluntariness of consent, there is very little analysis provided. Law enforcement testified that Mr. Hawkins consented. In fact, the deputy testified that Mr. Hawkins stated he wanted to take the test before the deputy could even complete the implied consent advisory. There is no finding that law enforcement was not credible. Based on the totality of the circumstances presented to the district court, I believe the district court's findings are contrary to the manifest weight of the evidence. I would reverse.

[¶ 16] Lisa Fair McEvers

Gerald W. VandeWalle, C.J.