Filed 2/22/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 52

State of North Dakota, Plaintiff and Appellant

v.

Tyler Ross Fleckenstein, Defendant and Appellee

No. 20170276

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Tufte, Justice.

Derek K. Steiner, Assistant State’s Attorney, Bismarck, N.D., for plaintiff and appellant.

Robert N. Quick, Bismarck, N.D., for defendant and appellee.

State v. Fleckenstein

No. 20170276

Tufte, Justice.

[¶1] The State appeals from a district court order granting Tyler Fleckenstein’s motion to suppress.  Because the district court misapplied the law by ruling Fleckenstein’s consent to a blood test was per se involuntary and thus did not consider the totality of the circumstances, we reverse the district court’s order and remand for additional findings of fact and a determination of voluntariness on the basis of the totality of the circumstances.

I

[¶2] In March 2017, Deputy Sheriff Dustin Braun stopped Fleckenstein after his vehicle touched the center line.  Deputy Braun testified that Fleckenstein had bloodshot eyes and admitted to consuming “a few beers.”  Fleckenstein performed the Horizontal Gaze Nystagmus test, the Walk and Turn, and the One-Leg Stand.  After the field sobriety tests, Deputy Braun read Fleckenstein the implied consent advisory for a breath-screening test.  Fleckenstein consented to the preliminary breath test, which indicated his blood alcohol content was above the legal limit.  Deputy Braun arrested Fleckenstein and read him the 
Miranda
 warning.  He then read him the following implied consent advisory for a chemical test:

As a condition of operating a motor vehicle on a highway or in a public or private area to which the public has a right of access to, you have consented to taking a test to determine whether [you are under] the influence of alcohol or drugs.  I must also inform you 
North Dakota law requires you to take a chemical test 
to determine if you’re under the influence of alcohol or drugs.  
Refusal
 to take a test directed by a law enforcement officer 
may result in revocation of your license—driver’s license for a minimum of 180 days and potentially up to three years
.

(Emphasis added.)  Deputy Braun testified that he re-read the following portion of the advisory:  “North Dakota law requires you to submit to a chemical test to determine if you’re under the influence of alcohol or drugs.”  Deputy Braun then asked Fleckenstein if he would consent to a blood test, and Fleckenstein consented.

[¶3] Fleckenstein was charged with driving under the influence of alcohol (third offense).  Fleckenstein moved to suppress the blood test.  At the motion hearing, only Deputy Braun testified.  The district court concluded that the consent to the blood test was involuntary and granted the motion to suppress the blood test.  The State appealed, filing a statement of the prosecuting attorney.

II

[¶4] “Section 29-28-07, N.D.C.C., strictly limits the prosecution’s right to appeal in a criminal case.”  
State v. Boehm
, 2014 ND 154, ¶ 6, 849 N.W.2d 239.  “The State may appeal from an order suppressing evidence if the appeal is ‘accompanied by a statement of the prosecuting attorney asserting that the appeal is not taken for purpose of delay and that the evidence is [a] substantial proof of a fact material in the proceeding.’”  
Id.
 (quoting N.D.C.C. § 29-28-07(5)).  The record reflects the State filed a notice of appeal and a statement of the prosecuting attorney.  The statement of the prosecuting attorney asserts that the appeal was not taken for purposes of delay and that the evidence suppressed was “substantial proof of a fact material to the prosecution of the . . . Driving Under the Influence” charge.  The State complied with the requirements of N.D.C.C. § 29-28-07(5), and “a review of the facts clearly demonstrates the relevance of the evidence suppressed.”  
Boehm
, at ¶ 6 (quoting 
State v. Emil
, 2010 ND 117, ¶ 6, 784 N.W.2d 137).  Thus, the State may appeal.

III

[¶5] The State argues the district court erred by finding Fleckenstein’s consent was involuntary.

In reviewing a district court’s decision on a motion to suppress evidence, we defer to the district court’s findings of fact and resolve conflicts in testimony in favor of affirmance.  We will affirm a district court’s decision on a motion to suppress if there is sufficient competent evidence fairly capable of supporting the trial court’s findings, and the decision is not contrary to the manifest weight of the evidence.  Our standard of review recognizes the importance of the district court’s opportunity to observe the witnesses and assess their credibility.  Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law.

State v. Odom
, 2006 ND 209, ¶ 8, 722 N.W.2d 370 (quoting 
State v. Graf
, 2006 ND 196, ¶ 7, 721 N.W.2d 381).

[¶6] A blood test is a search under the Fourth Amendment.  
Birchfield v. North Dakota
, 136 S. Ct. 2160, 2173 (2016); 
State v. Boehm
, 2014 ND 154, ¶ 18, 849 N.W.2d 239.  A warrantless search is presumptively unreasonable, unless an exception exists.  
State v. Torkelsen
, 2008 ND 141, ¶ 21, 752 N.W.2d 640.  Consent is one such exception, provided the consent is shown to be voluntary.
  Id.
  The State bears the burden of proof to show voluntariness.  
Id.

The totality of the circumstances must be examined to determine voluntariness.  The inquiry focuses on two non-determinative elements:  (1) the characteristics and conditions of the accused at the time of the confession, including the age, sex, race, education level, physical or mental condition, and prior experience with police; and (2) the details of the setting in which the confession was obtained, including the duration and conditions of detention, police attitude toward the defendant, and the diverse pressures that sap the accused’s powers of resistance or self-control.

State v. Syvertson
, 1999 ND 134, ¶ 20, 597 N.W.2d 652 (citations omitted).

[¶7] In 
McCoy
, we stated that “a driver’s decision to agree to take a test is not coerced simply because an administrative penalty has been attached to refusing the test.”  
McCoy v. North Dakota Dep’t of Transp.
, 2014 ND 119, ¶ 21, 848 N.W.2d 659.  Thus, we rejected the argument that “consent was coerced and not free and voluntary merely by the deputy’s reading of the implied consent advisory, accurately informing [the individual] that refusal would subject him to losing his driving privileges and presenting him with a choice.”  
Id.
  We held the same for an implied consent advisory discussing criminal penalties.  
See State v. Fetch
, 2014 ND 195, ¶ 9, 855 N.W.2d 389.  An accurate advisory does not by itself compel the conclusion that consent was not voluntary.  In all cases, the totality of the circumstances must be considered.

[¶8] In 2016, the United States Supreme Court held in 
Birchfield
 that 1) the Fourth Amendment does not permit warrantless blood tests incident to drunk driving arrests and 2) “motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense.”  
Birchfield
, 136 S. Ct. at 2185-86.  The United States Supreme Court remanded on the issue of whether consent to a blood test was voluntary after the officer read the implied consent advisory.  
Id.
 at 2186.  On remand, we assumed that consent was involuntary for purposes of that appeal.
  Beylund v. Levi
, 2017 ND 30, ¶ 12, 889 N.W.2d 907.

[¶9] 
Birchfield 
does not answer the question presented here, because the implied consent advisory read to Fleckenstein does not indicate that refusing the test is a crime.  Deputy Braun informed Fleckenstein the law required him to take a chemical test and described only a civil license suspension penalty for refusing to take the test.  Fleckenstein argues that to an ordinary citizen the implied consent advisory indicates that a criminal law will be violated if that citizen refuses to take the chemical test.  For support, he refers to the portion which reads, “North Dakota law requires you to submit to a chemical test.”  However, because the advisory does not mention criminal sanctions, a totality of the circumstances approach must be taken in determining voluntariness of consent to a blood test.  
See Birchfield
, 136 S. Ct. at 2186.  
Birchfield
 did not conclude that reading an implied consent advisory discussing administrative penalties rendered consent per se involuntary.  
Id.
 (remanding 
Beylund 
case to determine voluntariness of consent to a blood test after advisory including reference to both criminal and administrative sanctions).  After 
Birchfield
, our 
McCoy
 and 
Fetch
 decisions still stand for the proposition that reading an accurate implied consent advisory does not constitute per se coercion and that voluntariness of consent must be determined by the totality of the circumstances.

[¶10] In 
Hawkins
, we concluded that consent to a blood test was involuntary under the totality of the circumstances.  
State v. Hawkins
, 2017 ND 172, ¶ 10, 898 N.W.2d 446.  In that case, an officer read the implied consent advisory, which stated that refusal to submit was a crime; the defendant refused the onsite screening test; and then the officer arrested and handcuffed the defendant and placed him in the patrol car.  
Id.
 at ¶¶ 2, 10.  After being arrested, handcuffed, and confined, the defendant consented to a blood test.  
Id.
 at ¶ 2.  The district court in 
Hawkins 
considered the totality of the circumstances, and we affirmed its finding of coercion under a deferential standard of review.  
Id.
 at ¶ 10.  Here, the district court identified only a single fact in support of its finding of coercion—the reading of the implied consent advisory.  The district court did not indicate that it reviewed the patrol car video or considered any other findings in its determination of involuntary consent.  Therefore, we conclude that the district court misapplied the law by failing to consider the totality of the circumstances and instead concluding Fleckenstein’s consent to a blood test was per se involuntary.

IV

[¶11] We reverse the district court’s order and remand for additional findings of fact and a determination on the basis of the totality of the circumstances.

[¶12] Jerod E. Tufte

Jon J. Jensen

Lisa Fair McEvers

Daniel J. Crothers

Gerald W. VandeWalle, C.J.