# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 43

State of North Dakota,                                        Plaintiff and Appellant

    v.

Robert S. Vetter,                                        Defendant and Appellee

No. 20180142

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable James S. Hill, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Tufte, Justice.

Ryan A. Keefe, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellant.

Chad R. McCabe, Bismarck, N.D., for defendant and appellee.

**Tufte, Justice.**

[¶1]     The State appeals from an order granting Robert Vetter's motion to suppress chemical test evidence and motion in limine.  We conclude the district court misapplied the law in interpreting statutory requirements under the implied consent law and the court failed to properly consider the totality of the circumstances to determine whether Vetter voluntarily consented to the blood test.  We reverse the district court's order and remand for additional findings and for the court to determine whether Vetter's consent was voluntary.

I

[¶2]     Vetter was charged with driving under the influence of alcohol under N.D.C.C. § 39-08-01, a class B misdemeanor.  Vetter moved to suppress the chemical test evidence, arguing the evidence was obtained as a result of an unconstitutional search and seizure.  He claimed the chemical test of his blood was conducted without a warrant, his consent was based on an inaccurate implied consent advisory, he did not voluntarily consent to the blood test, and therefore the search was unreasonable and violated his constitutional rights.  Vetter also filed a motion in limine, arguing the evidence of the chemical test should be excluded under N.D.C.C. § 39-20-01(3)(b) because the arresting officer did not read him the full post-arrest implied consent advisory.

[¶3]     After a hearing, the district court granted Vetter's motions and ordered the chemical test evidence be excluded.  The court found a Burleigh County sheriff's deputy stopped the vehicle Vetter was driving, Vetter admitted to the deputy that he had consumed alcohol that evening, and he volunteered to take a breathalyzer test. The court found the deputy read Vetter a version of the North Dakota implied consent advisory, Vetter completed the preliminary breath test, the deputy told Vetter the test

1

showed his blood alcohol level was at .164%, and he was placed under arrest. The court further found the deputy read Vetter the implied consent advisory again, the deputy asked Vetter if he would consent to taking a test and Vetter said yes, the deputy asked Vetter if he would consent to take a blood test and Vetter said yes, and a blood test was administered. The court ruled Vetter's consent to the blood test was coerced because he was read the implied consent advisory a second time after his arrest and the advisory implied Vetter could not refuse the test without criminal consequences. The court concluded the blood test evidence must be suppressed because it was obtained as a result of an unconstitutional search and seizure.

## II

[¶4]    Vetter argues the State's appeal should be dismissed because the appeal is not authorized by N.D.C.C. § 29-28-07. Under N.D.C.C. § 29-28-07(5), the State may appeal from "[a]n order . . . suppressing evidence . . . when accompanied by a statement of the prosecuting attorney asserting that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding." Vetter claims the appeal is from an order granting a motion in limine, which is not an appealable order.

[¶5]    This Court has held appeals by the State under N.D.C.C. § 29-28-07(5) are limited to appeals from the granting of a motion to suppress under N.D.R.Crim.P. 12(b)(3) and from the granting of a motion to return evidence under N.D.R.Crim.P. 41(e). *See State v. Corona*, 2018 ND 196, ¶¶ 7-9, 916 N.W.2d 610. Although a motion in limine and a motion to suppress both seek to exclude evidence, appeals are limited to orders excluding evidence because it was illegally obtained—we lack appellate jurisdiction to consider orders excluding evidence for other reasons. *Id.*; *State v. Simon*, 510 N.W.2d 635 (N.D. 1994) (dismissing appeal from order excluding blood test on grounds that the expert analyst was not available for cross-examination and distinguishing illegally obtained evidence from other grounds for exclusion). Vetter filed a motion in limine seeking exclusion of the chemical test based on an

2

incomplete implied consent advisory and a motion to suppress seeking exclusion of the same test based on a claim it was illegally obtained as a result of an unreasonable search. The court granted both motions and suppressed the blood test evidence, concluding the evidence was obtained as a result of an unconstitutional search. The State appealed from this order and also filed a statement from the prosecuting attorney stating the appeal was not taken for the purpose of delay and the evidence is substantial proof of a fact material to the proceeding. We conclude the State appealed from an order granting a motion to suppress and the appeal is authorized by N.D.C.C. § 29-28-07(5). *See State v. Fleckenstein*, 2018 ND 52, ¶ 4, 907 N.W.2d 365.

### III

[¶6]    The State argues the district court misapplied the law in interpreting statutory requirements under the implied consent law and the court erred in determining Vetter did not voluntarily consent to the blood test.

[¶7]    In reviewing the district court's decision on a motion to suppress, this Court gives deference to the district court's findings of fact. *Fleckenstein*, 2018 ND 52, ¶ 5, 907 N.W.2d 365. The court's decision will not be reversed on appeal if there is sufficient competent evidence fairly capable of supporting the court's findings and the decision is not contrary to the manifest weight of the evidence. *Id.* Questions of law are fully reviewable, and whether a finding of fact meets a legal standard is a question of law. *Id.*

[¶8]    The Fourth Amendment of the United States Constitution and Article I, Section 8 of the North Dakota Constitution prohibit unreasonable searches and seizures. *See State v. Sauter*, 2018 ND 75, ¶ 8, 908 N.W.2d 697. "The administration of a blood test to determine blood-alcohol concentration is a search under those constitutional provisions." *Sauter*, at ¶ 8 (quoting *State v. Morales*, 2015 ND 230, ¶ 8, 869 N.W.2d 417). Warrantless searches are unreasonable unless they fall within a recognized exception to the warrant requirement. *State v. Hawkins*, 2017 ND 172, ¶ 7, 898 N.W.2d 446.

3

[¶9] Voluntary consent is a recognized exception. *Hawkins*, 2017 ND 172, ¶ 7, 898 N.W.2d 446. The court must consider the totality of the circumstances to determine whether consent is voluntary, including the characteristics and condition of the accused at the time of the consent and the details of the setting in which the consent was obtained. *Id.* at ¶ 8. "[C]oercive police activity is a necessary predicate" to a finding that purported consent was not voluntary. *State v. Webster*, 2013 ND 119, ¶ 22, 834 N.W.2d 283. Whether consent is voluntary is a question of fact. *Hawkins* at ¶ 7.

[¶10] The district court granted the motion to suppress and the motion in limine. The court found the deputy read Vetter the implied consent advisory before giving the preliminary breath test and Vetter was arrested after the preliminary breath test was administered. The court found the deputy read the implied consent advisory to Vetter a second time after his arrest, the deputy requested Vetter take a blood test without a warrant, and a blood test was administered. In determining whether Vetter voluntarily consented to the blood test, the court found there was no need for the deputy to have read the implied consent advisory again after the arrest and the deputy had an obligation to tell Vetter that he would suffer no criminal penalty if he refused to consent. The court ruled the second implied consent advisory more than implied Vetter could not refuse the blood test without criminal consequences and advising Vetter that state law required him to submit to a chemical test was coercive.

> The Court . . . conclude[d] as a matter of law that Vetter was, in essence, threatened with an unlawful search and his "consent" was coerced, given the inaccuracy of the second implied consent advisory, without which it can reasonably be presumed he would not have submitted to a blood test. This was a first time DUI arrest for defendant Vetter. The fact that [the deputy] gave two different North Dakota implied consent advisories, using the words "breath test" in the first and after the breath test was successfully completed gave the second advisory with the term "chemical test" is determinative.

The court concluded the State failed to prove Vetter voluntarily consented to the blood test.

[¶11] The district court found there was no need for the second implied consent advisory. Vetter and the State agree the district court was mistaken as to the law on implied consent advisories under N.D.C.C. §§ 39-20-14 and 39-20-01(3)(a) and erroneously believed the second advisory after arrest should not have been given. Section 39-20-01(3)(a), N.D.C.C., requires a law enforcement officer to:

> inform the individual charged that North Dakota law requires the individual to take a chemical test to determine whether the individual is under the influence of alcohol or drugs and that refusal of the individual to submit to a test directed by the law enforcement officer may result in a revocation of the individual's driving privileges for a minimum of one hundred eighty days and up to three years. In addition, the law enforcement officer shall inform the individual refusal to take a breath or urine test is a crime punishable in the same manner as driving under the influence. If the officer requests the individual to submit to a blood test, the officer may not inform the individual of any criminal penalties until the officer has first secured a search warrant.

Evidence of a chemical test is not admissible in a criminal proceeding if the officer fails to inform the charged individual as required by N.D.C.C. § 39-20-01(3)(a). *See* N.D.C.C. § 39-20-01(3)(b). This Court has interpreted the statutory requirements of N.D.C.C. § 39-20-01 and held the implied consent advisory under N.D.C.C. § 39-20-01(3) must be read after placing an individual under arrest and before administering a chemical test to determine alcohol concentration. *See City of Grand Forks v. Barendt*, 2018 ND 272, ¶ 17, 920 N.W.2d 735.

[¶12] The district court found the deputy gave Vetter two implied consent advisories, one before the preliminary breath test was successfully administered and one after arrest and before the blood test. The court found the deputy advised Vetter after the arrest that:

> [A]s a condition of operating a motor vehicle on a highway or in a public or private area to which the public has a right of access to as a condition of operating, do you consent to taking a test to determine whether you are under the influence of alcohol or drugs? I must inform you that a North Dakota law requires you to submit to a chemical test to determine whether you are under the influence of alcohol or drugs. Refusal to take the test as directed by law enforcement officer may result in a revocation of your driver's license for a minimum of a 180

5

days and potentially up to three years. Do you understand these consequences?

[¶13] The deputy read Vetter the implied consent advisory after the arrest and before administering the blood test, as N.D.C.C. § 39-20-01(3) requires. The deputy informed Vetter that the refusal could result in revocation of his driving privileges, but the deputy did not advise Vetter that refusal to take a breath or urine test is a crime. Because the deputy requested a blood test, he was not permitted to inform Vetter that refusal to take a breath or urine test is a crime punishable in the same manner as driving under the influence. *See DeForest v. N.D. Dep't of Transp.*, 2018 ND 224, ¶ 12, 918 N.W.2d 43. The deputy did not inform Vetter of any criminal penalties for refusal to consent to the test. The deputy accurately read Vetter the implied consent advisory after his arrest. The district court misapplied the law by finding that there was no need for the second implied consent advisory and that the second advisory was not accurate.

[¶14] Furthermore, the district court erred to the extent it held Vetter's consent was coerced by the deputy's reading of the second advisory alone. In *Birchfield v. North Dakota*, 136 S. Ct. 2160, 2186 (2016), the United States Supreme Court held "that motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." Because the deputy requested a blood test, he did not inform Vetter of any criminal penalties for refusal to consent to the test. The evidence does not support the court's finding that the second advisory "more than implied" that Vetter could not refuse the blood test without criminal consequences. This Court has said consent to take a test is not coerced simply because an administrative penalty has been attached to refusing to take the test. *Fleckenstein*, 2018 ND 52, ¶ 7, 907 N.W.2d 365. We held "that reading an accurate implied consent advisory does not constitute per se coercion and that voluntariness of consent must be determined by the totality of the circumstances." *Id.* at ¶ 9.

[¶15] Although the district court considered the patrol car video evidence of the stop and stated it concluded from the totality of the circumstances that the consent was not voluntary, the court did not make any specific findings about the totality of the

6

circumstances or otherwise indicate it properly considered them. The court found this was a first time DUI arrest for Vetter, which is a relevant factor in the voluntariness inquiry. However, the evidence does not support this finding. Vetter testified he had previously been arrested for DUI.

[¶16] The district court did not properly consider the totality of the circumstances, and its decision was based on its misapplication of the law about the implied consent advisory. We conclude the court misapplied the law by failing to properly consider the totality of the circumstances in determining the voluntariness of Vetter's consent.

IV

[¶17] We reverse the district court's order granting Vetter's motion to suppress and motion in limine. We remand for additional findings and a determination of voluntariness based upon the totality of the circumstances.

[¶18] Jerod E. Tufte
Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen
Gerald W. VandeWalle, C.J.

7