Crothers, Justice, concurring.
[¶ 22] I concur in the majority opinion. I write to note how close this case is to being an unconstitutional search and why for me, under the applicable legal test, a different result likely would obtain if the events occurred today.
[¶ 23] Whether exigent circumstances exist to excuse the general Fourth Amendment warrant requirement is measured by examining the totality of the circumstances. State v. Smith , 2014 ND 152, ¶ 13, 849 N.W.2d 599 ("Whether the natural dissipation of alcohol in the bloodstream constitutes an exigency must be determined case by case based on the 'totality of the *703 circumstances.' " (quoting Missouri v. McNeely , 569 U.S. 141, 133 S.Ct. 1552, 1556, 185 L.Ed.2d 696 (2013) ) ). As is well explained in the majority opinion, circumstances here were exigent because both Highway Patrol officers involved in this case were engaged in many other necessary activities connected to the crash, neither officer ever had access to Sauter who was receiving medical treatment for his severe injuries sustained in the crash, and the logistics of obtaining a search warrant between the hours of 1:00 and 4:00 a.m. were challenging.
[¶ 24] We also must be mindful that events related to this case occurred on August 31 and September 1, 2016, only two months after Birchfield v. North Dakota , --- U.S. ----, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016), was decided. In Birchfield , the United States Supreme Court reversed this Court and held the Fourth Amendment does not permit warrantless blood tests incident to a lawful arrest for drunk driving. 136 S.Ct. at 2184-85.
[¶ 25] In August of 2016 the combined impact of the McNeely and Birchfield decisions was not fully understood by either law enforcement or the legal community. The officers testified neither had received training about new warrant requirements for obtaining blood samples from drivers. A bit more troubling, neither officer had ever received training on obtaining search warrants by using telephones or facsimile machines. Nor is the record encouraging when we are provided with the disorganized process in Cass County and Fargo that law enforcement endured when seeking an after-hours warrant in this case. That record shows Officer Denault was shuffled from an assistant states attorney to the county jail to the Fargo police department. Within the Fargo police department Officer Denault was again transferred among several people who might assist in obtaining a search warrant.
[¶ 26] The impact of the McNeely and Birchfield decisions is now clearer. While this is the first exigency blood draw case before this Court since State v. Morales , 2015 ND 230, 869 N.W.2d 417, both law enforcement and the legal community have access to our post- Birchfield cases making clear that DUI-related blood tests and urine samples generally may not be obtained without a warrant or consent. See State v. Helm , 2017 ND 207, ¶ 16, 901 N.W.2d 57 (holding warrantless urine test of suspected impaired driver is not reasonable search incident to arrest and driver cannot be prosecuted for refusing to submit to an unconstitutional warrantless urine test); State v. Hawkins , 2017 ND 172, ¶ 7, 898 N.W.2d 446 (holding evidence supported finding defendant did not voluntarily consent to warrantless blood test); State v. Webster , 2017 ND 75, ¶ 1, 891 N.W.2d 769 (concluding jury instruction that alternatively criminalized refusal to submit to a warrantless blood test incident to arrest was not harmless error beyond a reasonable doubt). Exigent circumstances continue to be recognized as an exception to a search warrant authorizing a DUI-related blood draw. Birchfield , 136 S.Ct. at 2184. However, the circumstances that will be recognized as exigent have, in my view, been narrowed.
[¶ 27] First, McNeely , Birchfield , Morales and this case should be read together to mean search warrants generally are required to obtain alcohol-related blood samples. Second, both law enforcement and the courts should be aware of the problems, experienced here and in Morales , in obtaining warrants after-hours or on holidays. Those problems and delays should have been addressed by now. Law enforcement and the courts have or should have implemented rules and procedures to *704 facilitate timely electronic application for and issuance of search warrants.
[¶ 28] Some of the changes made by our judiciary have been through rule amendments. The North Dakota Rules of Criminal Procedure have been modified in several respects to accommodate expeditious application for and issuance of search warrants. Rule 41(c)(1)(A)(i), N.D.R.Crim.P.
[¶ 29] Rule 41(c)(1)(A)(i) allows the issuance of a search warrant "when the grounds for issuing the warrant are established in ... a written declaration by a licensed peace officer made and subscribed under penalty of perjury." Rule 41 further provides, "In accordance with Rule 4.1, the magistrate may issue a warrant based on information communicated by telephone or other reliable electronic means." N.D.R.Crim.P. 41(c)(2).
[¶ 30] The comment to Rule 41 explains:
"Paragraph (c)(1) was amended, effective December 15, 2016, to allow grounds for issuance of a search warrant to be established in a written declaration by a licensed peace officer made and subscribed under penalty of perjury. This amendment facilitates submission of electronic documents to establish the grounds for search warrants. Any electronic signature on a document submitted under this rule by a licensed peace officer is considered to be that of the officer."
N.D.R.Crim.P. 41, explanatory note.
[¶ 31] Rule 4.1, N.D.R.Crim.P. was adopted by this Court on March 1, 2013 and generally relates to issuance of complaints and warrants by electronic means. As is pertinent to this case, Rule 4.1 provides:
"(a) In General. The magistrate may consider information communicated by telephone or other reliable electronic means when reviewing a complaint or deciding whether to issue a warrant or summons.
(b) Procedures. If the magistrate decides to proceed under this rule, the following procedures apply:
(1) Taking Testimony Under Oath. The magistrate must place under oath-and may examine-the applicant and any person on whose testimony the application is based.
(2) Creating a Record of the Testimony and Exhibits.
(A) Testimony Limited to Attestation. If the applicant does no more than attest to the contents of a written affidavit submitted by reliable electronic means, the magistrate must acknowledge the attestation in writing on the affidavit.
....
(4) Preparing an Original Complaint, Warrant, or Summons. If the applicant reads the contents of the proposed duplicate original, the magistrate must enter those contents into an original complaint, warrant, or summons. If the applicant transmits the contents by reliable electronic means, the transmission received by the magistrate may serve as the original.
....
(6) Issuance. To issue the warrant or summons, the magistrate must:
(A) sign the original documents;
(B) enter the date and time of issuance on the warrant or summons; and
(C) transmit the warrant or summons by reliable electronic means to the applicant or direct the applicant to sign the magistrate's name and enter the date and time on the duplicate original.
*705 (c) Suppression Limited. Absent a finding of bad faith, evidence obtained from a warrant issued under this rule is not subject to suppression on the ground that issuing the warrant in this manner was unreasonable under the circumstances."
[¶ 32] Amendments to our rules providing for electronic application and issuance of search warrants should alleviate many of the hurdles or delays that impeded the officers here from obtaining a search warrant. My understanding is that since 2016 many of our district courts also have taken steps to more easily accept electronic search warrant applications and to more easily issue electronic search warrants. Utilization of such procedures and systems is designed to implement the Fourth Amendment prohibition against unreasonable searches. In turn, going forward the failure to use available advanced procedures and systems seemingly will reduce the weight of any claimed exigency.
[¶ 33] Daniel J. Crothers
Jon J. Jensen